IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY GOLON, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 18-01023 |
| | : | |
| HAIRE MACHINE CORPORATION | : | |
| d/b/a HAIRE GROUP, et al., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, C.J.**                                                                                                                                                                       July 9, 2018

      Plaintiff Ashley Golon brought this action for personal injuries in the Court of Common Pleas, Philadelphia County against defendants Barry-Wehmiller Papersystems, Inc., Haire Machine Corporation, American Corrugated Machine Corporation, Valco Cincinnati, Inc., Anilox Roll Company, Inc., Bearing and Drive Solutions I-VII, Inc., Cardone Printing, Inc. and Billitier Electric, Inc. On October 11, 2017, plaintiff filed an amended complaint. The defendants timely removed this case to the United Stated District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332 and 1441 alleging fraudulent joinder. (Doc. No. 1.) The plaintiff filed a motion to remand (Doc. No. 7) and the defendants responded. (Doc. Nos. 8, 18, 19, 20, 21, 22, 25.)

    **I.**     **Background**

      On July 23, 2015, plaintiff sustained injuries while working at Fitzpatrick Container Company. (Am. Compl. ¶ 53.) Plaintiff was operating a flexo folder/gluer machine (the "machine") when a rag she was holding was sucked into the machine, removing several of her fingers. (Id. at ¶¶ 54, 59.)

1

## II. Procedural History

Plaintiff filed an initial complaint on July 17, 2017 in the Philadelphia Court of Common Pleas alleging claims of negligence, strict liability, and breach of warranty against the defendants. Plaintiff filed an amended complaint on October 11, 2017 which was substantively identical to the original complaint, but removed the claim for punitive damages.

On March 9, 2018, defendant Barry-Wehmiller Papersystems, Inc. timely removed this matter to the United States District Court, Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332 and 1441 alleging fraudulent joinder. (Doc. No. 1.) Plaintiff filed a motion to remand (Doc. No. 7) and the defendants responded. (Doc. Nos. 8, 18, 19, 20, 21, 22, 25.) For the following reasons, I will grant the motion to remand insofar as it seeks remand, but deny the motion insofar as it seeks attorney's fees and costs.

## III. Standard

Federal courts are of limited jurisdiction and may only decide cases consistent with the authority afforded by the Constitution or statutes of the United States. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Title 28 of the United States Code, Section 1332 requires the satisfaction of two factors before the district court may assume diversity jurisdiction over a civil action: (1) the controversy must be between citizens of different states, and (2) the amount in controversy must exceed $75,000.00. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006). As the party asserting jurisdiction, the defendants have "the burden of showing at all

stages of the litigation that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

In deciding a motion to remand a district court should "not apply a Rule 12(b)(6) standard," but must examine the complaint to determine whether it could support a conclusion that the claims against the defendant are not even colorable, i.e., are wholly insubstantial and frivolous. Batoff v. State Farm Ins. Co., et al., 977 F.2d 848, 852 (3d Cir. 1992). A motion to remand based on alleged jurisdictional defects "must focus on the plaintiff's complaint at the time the petition for removal was filed . . . [and] must assume as true all factual allegations of the complaint." Yellen v. Teledne Continental Motors, Inc., 832 F. Supp. 2d 490, 493 (E.D.Pa. 2011) (citing Steel Valley Auth.v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). Therefore, I must review "the facts pertinent to our jurisdictional analysis as they are presented in the original complaint." Id. (emphasis in original).

"Under the doctrine of fraudulent joinder, a defendant may remove a non-diverse case if it can establish that all in-state defendants were sued solely to prevent removal to federal court." Chaborek v. Allstate Financial Services, LLC, 254 F. Supp. 3d 748, 750 (E.D.Pa. 2017) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). A defendant asserting fraudulent joinder has the "heavy burden of persuasion" to demonstrate that there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. Id. (quoting Brown, et al. v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)) (citing Briscoe, 448 F.3d at 217). "[A] finding of

3

fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility" and not merely because a plaintiff "has a weak case against a non-diverse defendant." Kallman v. Aronchick, 981 F. Supp. 2d 372, 380 (E.D.Pa. 2013) (internal citations omitted).

In the diversity context, the Third Circuit Court of Appeals has stated:

> The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity.
>
> [I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court . . .
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

Brown, 575 F.3d at 326 (quoting Briscoe, 448 F.3d at 215-216, 217).

The Third Circuit has held that in certain circumstances the court may "pierce the pleadings" in order to determine whether joinder was fraudulent. Briscoe, 448 F.3d at 218; Gaynor v. Marriott Hotel Services, Inc., 2013 WL 4079652, at *5 ("[I]n very limited circumstances, we are authorized to consider affidavits when deciding the question of fraudulent joinder . . . an affidavit may be pertinent to our fraudulent joinder inquiry if it presents undisputed facts that establish 'with complete certainty' that the non-diverse defendant has no liability.") (emphasis in original). Nevertheless, the "'district court must

4

not step from a threshold jurisdictional issue into a decision on the merits.'" Gibboni v. Hyatt Corp, No. 10-2627, 2011 WL 1045047 at *4 (quoting Briscoe, 448 F.3d at 215).

## IV. Analysis

### A. Defendants fail to demonstrate fraudulent joinder.

A careful review of the complaint reveals that none of the claims against the B&D defendants are "wholly insubstantial and frivolous." The Complaint pleads many specific factual allegations against the B&D entities. For example, B&D is "in the business of selling, servicing, and/or maintaining the machine at issue and its component parts" (Am. Compl. ¶139), and the Complaint alleges that B&D performed maintenance on the subject machine that caused plaintiff's injuries. (Id. at ¶ 57.) Despite B&D's knowledge of the potential hazardous conditions created by the machine, plaintiff alleges B&D did nothing to remedy the hazards. (Id. at ¶¶140-149.)

The Complaint also sets forth 34 specific allegations demonstrating B&D's negligence and/or carelessness, including that B&D failed to have the machine in a safe working condition; failed to maintain the machine; and that B&D designed, manufactured, supplied, sold, maintained and/or inspected the machine without adequate gates. (Id. at ¶ 150 (a-hh).) In support of these allegations, plaintiff submits a purchase order and invoice dated December 21, 2015 (nearly five months after the incident) evidencing that B&D performed maintenance on a machine at the subject property.

B&D argues that "there is simply no way that any finder of fact can assign liability to B&D and its inclusion in this case is fraudulent." (Doc. No. 18 at p. 18.) The invoice plaintiff relies on, B&D argues, does not prove that B&D performed maintenance during

5

the relevant time period or even on the specific machine. To bolster this argument, B&D submits the affidavit of Jim Lopez[1], the president of B&D. (Doc. No. 18, ex 2.) The affidavit states that B&D was not involved in the "sale, supply, or installation" of the subject machine. (Id. at ¶ 9.) The affidavit also states that B&D was not involved in the inspection, maintenance, service, or safety evaluation of the subject machine. (Id. at ¶¶ 3, 4.) Mr. Lopez acknowledges the B&D purchase order and invoice for parts sold to the Fitzpatrick Container facility after the incident. (Id. at ¶ 12.) Nonetheless, he states that based on B&D's review of the records, it could not locate "a record of any sale of a similar motor prior to the date of the incident." (Id. at ¶ 13.)

I find that defendants fail to meet their high burden of demonstrating fraudulent joinder. Plaintiff alleges that B&D was negligent in the manufacture, design, maintenance, and inspection of the subject machine and the evidence demonstrates that within six months of the incident, B&D serviced the Fitzpatrick Container facility. At this stage of the proceedings, I must accept these well-pleaded allegations as true. Ramos, 202 F. Supp. 3d at 462.

Although I may consider Mr. Lopez's affidavit in my fraudulent joinder inquiry, I find that it does not present undisputed facts that B&D has no liability "with complete certainty." See Gaynor, 2013 WL 4079652 at *5; cf. DiMichelle v. Sears & Roebuck Co., No. 97-6470, 1997 WL 793589, at *2 (E.D.Pa. Dec. 5, 1997) (finding of fraudulent joinder where uncontested affidavits revealed that defendants had no connection to the lawsuit and were improper parties.). The evidence demonstrates, and Mr. Lopez affirms,

---

[1] Mr. Lopez's affidavit is sworn but not notarized.

that B&D had at least some involvement with the Fitzpatrick Container Company around the time of the incident. At a minimum, there is a reasonable basis supporting the claim against B&D, and whether B&D is actually liable for plaintiff's injuries is an issue for discovery.[2] To accept defendant's position would require me to determine the merits of the underlying claims, and would exceed the scope of my current task, i.e. to evaluate subject matter jurisdiction.

Assuming as I must that all of these factual allegations are true, and resolving any uncertainty about Pennsylvania's controlling substantive law in favor of the plaintiff, I find that there is more than enough of a reasonable basis in fact or colorable ground supporting the claims against the B&D defendants. It is possible that the Court of Common Pleas of Philadelphia County will find Count IV to state a viable cause of action, and thus remand is required.

**B. Plaintiff is not entitled to costs and fees.**

Under 28 U.S.C. § 1447(c), a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

---

[2] Defendants argue that "discovery with respect to B&D is, for all intents and purposes, complete." (Doc. No. 8 at 17.) I disagree. The parties have only exchanged limited paper discovery, and have yet to appear for an initial conference or take depositions. Discovery has only just begun, and plaintiff is entitled to determine if B&D contributed to plaintiff's alleged injuries.

Plaintiff seeks costs and fees arguing that the claims against B&D plainly defeat federal court jurisdiction. (Doc. No. 18.) I disagree. Although I find that remand is proper, defendant's argument in support of removal is "by no means without foundation." Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 374 (E.D.Pa. 2000). I find that the award of costs and fees to plaintiff is not warranted.

V.      **Conclusion**

Accordingly, I will grant the plaintiff's motion to remand but deny plaintiff's request for attorney's fees and costs. I remand this action to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.